OPINION
Defendant, Douglas Gerhardt, appeals from a judgment of the court of common pleas entered pursuant to R.C. 2950.09 classifying Gerhardt a sexual predator.
Gerhardt was convicted in 1985 of Felonious Assault, R.C. 2903.11. He was sentenced to serve a term of fifteen years. We subsequently affirmed his conviction. State v. Gerhardt (Aug. 14, 1986), Clark App. No. CA 2177, unreported.
In September, 2000, prior to Gerhardt's release, the trial court ordered a hearing to determine whether Gerhardt should be classified a sexual predator. The sexual predator hearing was held on October 2, 2000.
Two witnesses testified at the hearing. The first to testify was Attorney Darnell E. Carter, an assistant county prosecutor who prosecuted Gerhardt in 1985. Mr. Carter testified concerning his recollection of the facts of the offense. Defendant-Appellant Gerhardt also testified. It appears that the State also asked the court to review the transcript of Gerhardt's trial, but that transcript is not before us.
On October 24, 2000, the trial court entered a judgment finding Gerhardt to be a sexual predator, and it thus classified him. Gerhardt filed a timely notice of appeal:
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT'S CLASSIFICATION OF THE DEFENDANT AS A SEXUAL PREDATOR WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
An offender who was convicted of a sexually-oriented offense prior to January 1, 1997, may be classified a sexual predator pursuant to R.C.2950.09(C) if the court finds, by clear and convincing evidence, that the offender satisfies the definition of that classification in R.C.2950.01(E), which states: "`Sexual predator' means a person who has been convicted of or pleads guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the fact or facts sought by that proof to be established. Cross v. Ledford (1954), 161 Ohio St. 469 . The clear and convincing evidence "requirement seems for the most part to be confined to cases wherein the claim made, or the defense asserted, is contrary to the natural and reasonable inference, especially where the claim is made to defeat or modify the plain provisions of a written instrument." 44 Ohio Jurisprudence 3d, Evidence, Section 1036, p. 450. Its use in this context is an anomaly.
Our opinion affirming Gerhardt's conviction for Felonious Assault contains the following passage concerning the facts underlying his conviction.:
 "According to the evidence, the victim of the assault was a seventeen-year-old emotionally disturbed resident of a group home in Springfield, Ohio, and after the nature of the assault came to light, the victim, [M.M.], reported to the police that he had met Douglas Gerhardt in a park and had agreed to accompany him to his home. While at the residence, according to [M.M.'s] initial report, Gerhardt restrained him, placed a rope around his neck, and suspended him from the ceiling until he lost consciousness.
 However, on the second day of trial, [M.M.] changed his story and admitted that he had known Gerhardt for several months and had been involved in a homosexual relationship with him. [M.M.] further testified that he agreed to the hanging, upon Gerhardt's suggestion, as a means of attaining enhanced sexual gratification. Moreover, he testified that his previous explanation had been fabricated in order to explain his injuries to his guardian at the group home.
State v. Gerhardt, supra, at p. 1.
Felonious Assault, of which Gerhardt was convicted in 1985, is a sexually-oriented offense when it is "committed with a purpose to gratify the sexual needs or desires of the offender." R.C. 2950.01(D)(3). Defendant-Appellant argues that the record before the trial court fails to contain clear and convincing evidence demonstrating that his purpose in committing the 1985 felonious assault was his own sexual gratification. He points out that the record of his conviction for Felonious Assault makes no mention of sexual gratification as a purpose. Further, in his own testimony herein Gerhardt denied any sexual gratification or purpose on his part.
Gerhardt testified that he and M.M. had engaged in other sexual conduct on prior occasions. He claimed that on this occasion he helped M.M. to suspend himself by his neck in order to show M.M., who'd been contemplating suicide, what suicide might be like. Gerhardt denied that his purpose in doing that was to gratify his own sexual needs or desires, suggesting that any resulting sexual gratification was M.M.'s.
Attorney Carter, recalling events some fifteen years earlier, testified that "it appeared based on the evidence that (the purpose of the hanging) was to derive sexual satisfaction for at least [M.M.]," and that ". . . the motive was . . . a sexual purpose." (T. 13). He also testified that Gerhardt and M.M. had had a sexual relationship in the past. (T. 14). Mr. Carter disclaimed any recollection as to whether Gerhardt or M.M. had conceived the idea. (T. 15). There was evidence that M.M. had ejaculated. (T. 16).
The trial court referenced the evidence on which it relied to make its finding, and stated:
 "At the time of the offense the defendant was about 30 years old. The victim was 17 years old and residing at a foster home in the Wittenberg University neighborhood. The defendant had made acquaintances with the victim when he met the victim hanging around the university's campus.
 Prior to the date of the offense the defendant had taken the victim to the defendant's home about three times. On these occasions the defendant and victim went into the defendant's bedroom and engaged in sexual contact.
 On the day of the offense the defendant had arranged to meet the victim, then the defendant and victim drove to the defendant's home. At his house the defendant talked to the victim about suicide. In particular, the (sic) discussed hanging and the effects, including the possibility of having an orgasm.
 The defendant talked the victim into letting the defendant hang the victim for a short period of time so that he could experience those effects. The defendant then suspended the victim by a rope around his neck until the victim became unconscious. The victim testified that he did have an orgasm while being hung in this manner.
 There is no evidence of the use of drugs or alcohol to impair the victim to prevent resistance, nor was there any evidence of mental illness or mental disability on the part of the defendant. Further, there is no indication of cruelty or threats of cruelty.
 Upon review of this Court's records, the Court found a prior conviction for Attempted Gross Sexual Imposition in case number 82-CR-0274.
 The fact that the victim was a minor, who at the time was experiencing substantial instability in his life, as evidenced by the fact he had been removed from the home of his natural parents and was residing in a foster home facility, would have made him especially vulnerable to an adult willing to befriend him. They engaged in a pattern of sexual contact prior to the date of the offense. On the date of the offense they engaged in an activity would (sic) resulted in a substantial risk of serious physical harm to the victim, hanging, but it was for the purpose of sexual gratification.
 The Court finds that the defendant's conviction for felonious assault, since the underlying motivation for the act was sexual gratification, is a conviction of a sexually oriented offense.
 The Court further finds that, base (sic) upon the above factors, the defendant is a sexual predator and subject to all reporting and notification requirements of that classification under the law."
R.C. 2950.09 proceedings are civil in nature, and in civil proceedings judgments of the trial court will not be found on appeal to be against the manifest weight of the evidence when they are supported by competent, credible evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279. The "clear and convincing evidence" standard that R.C. 2950.09(C) imposes goes to the persuasive quality of that evidence.
Gerhardt and M.M.'s relationship had been sexual in nature. It is undisputed that M.M.'s purpose in submitting to the hanging was sexual gratification. The court could reasonably infer, as it apparently did, that Gerhardt also acted to gratify his own sexual needs and desires when he assisted M.M. in the attempted "hanging." That inference, which Gerhardt denied, is circumstantial in nature. However, circumstantial evidence has the same probative value as direct evidence. State v. Jenks (1991), 61 Ohio St.3d 259.
Gerhardt also argues that there was no basis in the record for the trial court's finding, which is implicit in its judgment, that he is likely to commit another sexually oriented offense. We do not agree. The court noted the age differences of Gerhardt and M.M., the fact that M.M. resided in a foster home, and that Gerhardt had "talked the victim" into the hanging activity. These facts portray a predatory attitude that portends repetition, if not of this particular conduct then of other conduct which constitutes a sexually oriented offense.
On this record, we cannot find that the trial court's classification of Gerhardt as a sexual predator is against the manifest weight of the evidence. The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY PERMITTING INADMISSIBLE HEARSAY EVIDENCE WHICH PREJUDICED THE DEFENDANT'S CASE.
R.C. 2950.09(B)(1) provides that at a sexual predator hearing the prosecutor, presumably the one who prosecuted the underlying offense, "shall have an opportunity to testify." This procedural provision also applies in sexual predator hearings brought pursuant to division (C) of R.C. 2905.09, as Gerhardt's was. However, these provisions do not prescribe what the prosecutor's testimony may concern or whether it is thereby admissible when otherwise it would not be.
The Rules of Evidence do not strictly apply to sexual predator hearings. State v. Cook (1998), 83 Ohio St.3d 404. Therefore, hearsay evidence which is otherwise reliable is admissible. Id.
Attorney Carter was allowed to testify, over Gerhardt's objections, concerning what M.M. had told him at the time of Gerhardt's trial concerning their relationship and the conduct that resulted in Gerhardt's conviction. Gerhardt's particular objection was that the passage of fifteen years since those conversations took place rendered Attorney Carter's hearsay evidence unreliable. Attorney Carter's reticent responses to the questions he was asked, disclaiming a clear recollection in many instances, belies that claim. Further, and particularly concerning Gerhardt's purpose in acting as he did, Attorney Carter's testimony presented no facts that were not otherwise demonstrated by the record.
Evidentiary rulings are committed to the sound discretion of the trial court. We find no abuse of that discretion.
The second assignment of error is overruled.
 Conclusion
Having overruled the assignments of error presented, we will affirm the judgment from which this appeal was taken.
FAIN, J. and YOUNG, J., concur.